UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 11-42464-btr-11 |
| HALO WIRELESS, INC., | ) | |
| | ) | Pending in the United States Bankruptcy |
| | ) | Court for the Eastern District of Texas, |
| | ) | Sherman Division |
| | ) | |
| _____ | ) | _____ |
| | ) | |
| BALLARD RURAL TELEPHONE | ) | |
| COOPERATIVE CORPORATION, et al., | ) | |
| | ) | |
| Complainants, | ) | |
| | ) | |
| v. | ) | Case No. 3: 11-cv-0058-DCR |
| | ) | |
| BELLSOUTH | ) | |
| TELECOMMUNICATIONS, LLC, d/b/a | ) | (Removed from Case No. 2011-00199, |
| AT&T KENTUCKY, | ) | Pending Before the Kentucky Public |
| | ) | Service Commission) |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BELLSOUTH | ) | |
| TELECOMMUNICATIONS, LLC, d/b/a | ) | |
| AT&T KENTUCKY, | ) | |
| | ) | |
| Third Party Complainant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HALO WIRELESS, INC., | ) | |
| | ) | |
| Third Party Defendant. | ) | |
| | ) | |
| and | ) | |

-1-

|  |  |  |
|---|---|---|
| BELLSOUTH TELECOMMUNICATIONS, LLC, d/b/a AT&T KENTUCKY, | ) ) ) ) | Case No. 3: 11-cv-0059-DCR |
| Complainant, | ) ) | |
| v. | ) ) ) | (Removed from Case No. 2011-00283, Pending Before the Kentucky Public Service Commission) |
| HALO WIRELESS, INC., | ) ) | |
| Defendant. | ) ) ) | **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

These matters are before the Court for consideration of the Motions to Remand filed by Ballard Rural Telephone Cooperative Corporation, Inc.; Brandenburg Telephone Company; Duo County Telephone Cooperative Corporation, Inc.; Foothills Rural Telephone Cooperative, Inc.; Gearheart Communications Co., Inc.; Highland Telephone Cooperative, Inc.; Logan Telephone Cooperative, Inc.; Mountain Rural Telephone Cooperative Corporation, Inc.; North Central Telephone Cooperative Corporation; Peoples Rural Telephone Cooperative, Inc.; South Central Rural Telephone Cooperative Corporation, Inc.; Thacker-Grigsby Telephone Company, Inc.; and West Kentucky Rural Telephone Cooperative Corporation, Inc. (collectively, "the Rural Local Exchange Carriers" or "RLECs") [Case No. 3: 11-cv-0058, Record No. 6]; BellSouth Telecommunications, LLC, doing business as AT&T Kentucky ("AT&T Kentucky") [Case No. 3:11-cv-0058, Record No. 19; Case No. 3: 11-cv-0059, Record No. 11]; and David L. Armstrong, James W. Gardner, Charles R. Borders, and the Kentucky Public Service Commission (collectively, the "Commission") [Case No. 3: 11-cv-0058, Record No. 25; Case No. 3: 11-cv-0059, Record No. 16]. Also ripe for decision are two Motions to Transfer filed by

Halo Wireless, Inc. ("Halo"). [Case No. 3: 11-cv-0058, Record No. 5; Case No. 3: 11-cv-0059, Record No. 4] However, Halo's counsel stated at oral argument that it no longer seeks transfer of these matters. The motions to transfer would be rendered moot in any event by the Court's conclusion, for the reasons explained below, that remand is appropriate.

### I.     BACKGROUND

Halo entered interconnection agreements ("ICAs") with AT&T Kentucky, as well as AT&T companies in a number of other states, in 2010. On May 24, 2011, the RLECs filed a formal complaint against AT&T Kentucky with the Kentucky Public Service Commission ("KPSC"), alleging that AT&T Kentucky had failed to compensate them for access services they provided. [Case No. 3: 11-cv-0058, Record No. 1-1, pp. 8-19] AT&T Kentucky, in turn, filed a third-party complaint against Halo. It alleged that Halo was responsible for compensating the RLECs. [Case No. 3: 11-cv-0058, Record No. 1-11, pp. 7-13] Meanwhile, AT&T Kentucky filed a separate complaint with the KPSC in which it claimed that Halo had breached the parties' ICA. [Case No. 3: 11-cv-0059, Record No. 1-1, pp. 5-12] AT&T Kentucky sought damages and injunctive relief. [*Id.*]

Similar complaints were filed against Halo in several states. In each case, Halo removed the state public service commission proceeding(s) to federal district court, then requested transfer to the United States Bankruptcy Court for the Eastern District of Texas. This Court is the last of nine to address the ensuing motions to remand. Thus far, every court to consider the issue has remanded to the state public service commission. *See BellSouth Telecomms., LLC v. Halo Wireless, Inc.*, No. 3: 11-cv-00579-DPJ-FKB (S.D. Miss. Mar. 16, 2012); *BellSouth Telecomms.,*

*LLC v. Halo Wireless, Inc.*, No. 2: 11-CV-758-WKW, 2012 U.S. Dist. LEXIS 9032 (M.D. Ala. Jan. 26, 2012); *Halo Wireless, Inc. v. TDS Telecomms. Corp.*, No. 2: 11-CV-158-RWS, 2012 U.S. Dist. LEXIS 9592 (N.D. Ga. Jan. 26, 2012); *BPS Tel. Co. v. Halo Wireless, Inc.*, No. 11-04220-CV-C-NKL, 2011 U.S. Dist. LEXIS 152651 (W.D. Mo. Dec. 21, 2011); *BellSouth Telecomms., LLC v. Halo Wireless, Inc.*, No. 4: 11cv470-RH-WCS, 2011 U.S. Dist. LEXIS 152507 (N.D. Fla. Dec. 9, 2011); *Concord Tel. Exch., Inc. v. Halo Wireless, Inc.*, No. 3-11-0796, 2011 U.S. Dist. LEXIS 127819 (M.D. Tenn. Nov. 3, 2011); *BellSouth Telecomms., Inc. v. Halo Wireless, Inc.*, No. 3-11-0795, 2011 U.S. Dist. LEXIS 126542 (M.D. Tenn. Nov. 1, 2011); *BellSouth Telecomms., LLC v. Halo Wireless, Inc.*, No. 11-00004-8-SWH, 2012 Bankr. LEXIS 867 (Bankr. E.D.N.C. Mar. 5, 2012); *Bell South Telecomms., LLC v. Halo Wireless, Inc.*, No. 11-80162-dd, 2011 Bankr. LEXIS 4700 (Bankr. D.S.C. Nov. 30, 2011). This Court will do the same.

**II.     ANALYSIS**

Halo removed the KPSC proceedings pursuant to Title 28, Section 1452 of the United States Code. That statute provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334].

28 U.S.C. § 1452(a). The first question raised by the statute and the parties is whether the KPSC proceedings are "civil actions."

**A.     Civil Action**

According to Halo, the KPSC proceedings constitute "civil actions" under section 1452(a) because they are disputes among private parties (the RLECs, AT&T Kentucky, and Halo) as opposed to enforcement actions brought by a governmental unit. In other words, Halo contends, "[t]he Kentucky PSC is merely acting as a judicial tribunal." [Case No. 3: 11-cv-0058, Record No. 1, p. 4 ¶ 10; Case No. 3: 11-cv-0059, Record No. 1, p. 4 ¶ 9] The parties seeking remand, however, maintain that the KPSC proceedings are not civil actions but instead non-removable administrative proceedings. They rely heavily on a recent decision from the bankruptcy court for this district, *Secretary of the Labor Cabinet, Kentucky v. T.S.P. Co.* (*In re T.S.P. Co.*), No. 10-53637, 2011 Bankr. LEXIS 1408 (Bankr. E.D. Ky., Apr. 14, 2011).

*In re T.S.P. Co.* involved a debtor that had been cited by the state Labor Cabinet for safety violations. *Id.* at *1. The debtor contested the citations, thus giving rise to an administrative proceeding before the Kentucky Occupational Safety and Health Review Commission. *Id.* at *2. The debtor removed that proceeding to bankruptcy court pursuant to the general removal statute, 28 U.S.C. § 1441. *Id.* at *3. After finding that the underlying proceeding was not a "civil action brought in [s]tate court" as required by section 1441, *id.* at *4, the bankruptcy court explained that the matter was likewise not removable under section 1452(a). *Id.* at *6. The court identified "four exceptions to the power of removal under § 1452(a): (1) non-civil actions; (2) Tax Court proceedings; (3) certain civil actions by governmental units; and (4) claims or causes of action over which the district court does not have jurisdiction." *Id.* The court concluded that removal was not proper under section 1452 because "[a]dministrative proceedings fall under the 'non-civil action' exception." *Id.*

-5-

Unlike *In re T.S.P. Co.*, however, the underlying proceedings at issue here "ha[ve] all the essential elements of a 'judicial controversy'". They involve "'adversary parties and an issue in which the claim of one of the parties against the other, capable of pecuniary estimation, is stated and answered in some form of pleading, and is to be determined.'" *BellSouth*, 2011 U.S. Dist. LEXIS 152507, at *6 (quoting *Comm'rs of Rd. Improvement Dist. No. 2 v. St. Louis Sw. Ry.*, 257 U.S. 547, 557 (1922)). As explained by the Northern District of Florida in a related case,

> [t]he dispute is a contract dispute between adversarial parties, and AT&T seeks damages as a result of Halo's alleged breach of the contract. The procedures involved also bear substantial similarities to a traditional civil action in a court. The action was initiated by AT&T's complaint filed in the Public Service Commission. Halo may file an answer to the complaint. The parties may conduct discovery.

*Id.* at *6-7; *see also BellSouth Telecomms.*, 2012 Bankr. LEXIS 867, at *7 ("The court finds that the [North Carolina Utilities Commission] Proceeding is a civil action under § 1452(a) because it is a dispute between private parties in which the plaintiff AT&T seeks monetary damages and injunctive relief against Halo."). While the Florida court acknowledged some distinctions "between court procedures and the procedures in effect at the Florida Public Service Commission," it found that those differences "d[id] 'not destroy the essential character of the proceeding as a judicial contest.'" *BellSouth*, 2011 U.S. Dist. LEXIS 152507 at *7 (quoting *In re Raymark Indus., Inc.*, 238 B.R. 295, 298 (Bankr. E.D. Pa. 1999)).

Likewise, the United States District Court for the Middle District of Alabama concluded that the state public service commission proceeding involving Halo was "a removable civil action within the meaning of § 1452(a)" based on its resemblance to a judicial matter. *BellSouth*,

2012 U.S. Dist. LEXIS 9032, at *4. The court pointed to statutes and commission rules "allowing a complaint to be filed before the Alabama PSC"; "entitling parties to be heard through counsel and call witnesses at proceedings"; "permitting parties to take witness depositions in accordance with the laws governing depositions in civil actions in the Alabama circuit courts"; and "allowing parties to make requests for discovery." *Id.* at *4-5 (citing Ala. Code §§ 37-1-84, 37-1-86, 37-1-92; Ala. Pub. Serv. Comm'n Rule of Practice 16). The court concluded that, in light of these provisions, the Alabama PSC proceedings were "not simply administrative concerns." *Id.* at *5.

Kentucky law contains similar provisions. For example, section 278.260 of the Kentucky Revised Statutes ("KRS") provides that in proceedings before the KPSC, "[t]he complainant and the person complained of shall be entitled to be heard in person or by an attorney and to introduce evidence." KRS § 278.260(3). Another statute allows depositions to be taken in KPSC proceedings "in accordance with the Rules of Civil Procedure." KRS § 278.340. And the Kentucky Administrative Regulations set out the rules of procedure for KPSC proceedings, which include the filing of a complaint and answer. *See* 807 Ky. Admin. Regs. 5:001. Based on the foregoing authorities, this Court concludes that the instant matters are civil actions within the meaning of section 1452(a). Removal is only proper, however, if they are civil actions over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334. *See* 28 U.S.C. § 1452(a).

### B. Jurisdiction Under 28 U.S.C. § 1334

Section 1334(b) provides that the federal district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under

title 11." 28 U.S.C. § 1334(b).  Halo asserts that the KPSC proceedings are "related to" its Texas bankruptcy case "because the claims for relief asserted" in those proceedings "seek to determine amounts [Halo] allegedly owes and more importantly challenges [Halo's] right to operate its business, including as a debtor-in-possession under the Bankruptcy Code." [Case No. 3: 11-cv-0058, Record No. 1, p. 4 ¶ 9; *see* Case No. 3: 11-cv-0059, Record No. 1, p. 4 ¶ 8]  The RLECs, however, deny that their KPSC proceeding has any relationship to Halo's bankruptcy.[1]

As the Sixth Circuit has observed, the district courts' jurisdiction over bankruptcy cases and proceedings is broad.  Only "an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement of Section 1334(b)." *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers* (*In re Dow Corning Corp.*), 86 F.3d 482, 489 (6th Cir. 1996) (internal quotation marks omitted).  This broad scope is reflected in the test used to determine whether an action falls under the "related to" provision:

> The "usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."  An action is "related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and

---

[1] This contention pertains only to Case No. 3: 11-cv-0058, which arises out of the RLECs' initial complaint against AT&T Kentucky.  Neither AT&T Kentucky nor the Commission has argued — in either case — that these actions are not "related to" Halo's bankruptcy.  Indeed, to the extent AT&T Kentucky and the RLECs contend that mandatory abstention applies (as will be discussed in the next section), their argument assumes that the KPSC proceedings are related to the bankruptcy case. *See* 28 U.S.C. § 1334(c)(2) (requiring abstention "in a proceeding based upon a State law claim or State law cause of action, *related to a case under title 11* but not arising under title 11 or arising in a case under title 11," where certain factors are met (emphasis added)).  The Court further notes that jurisdiction under section 1334 was apparently conceded in other state commission proceedings removed by Halo.  *See, e.g.*, *BellSouth*, No. 3:11-cv-00579-DPJ-FKB, slip op. at 4 ("The parties do not dispute that the PSC proceedings are at least 'related to' Halo's bankruptcy case.").

>which in any way impacts upon the handling and administration of the bankrupt estate."

*Id.* (citations omitted) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). Moreover, "[a] proceeding 'need not necessarily be against the debtor or against the debtor's property' to satisfy the requirements for 'related to' jurisdiction." *Id.* (quoting *Pacor*, 743 F.2d at 994). The Supreme Court has recognized "that proceedings 'related to' a bankruptcy proceeding include 'suits between third parties which have an effect on the bankruptcy estate.'" *Id.* at 490 (quoting *Celotex Corp. v. Edwards*, 115 S. Ct. 1493, 1499 n.5 (1995)).

At the outset, then, the Court rejects the RLECs' contention that the KPSC proceeding is not related to Halo's bankruptcy because "Halo is not even a party to the RLECs' original action, but is instead a third-party defendant impleaded by AT&T Kentucky." [Case No. 3: 11-cv-0058, Record No. 6-2, pp. 8-9] Nor is it dispositive, for purposes of 1334(b), that "all of the claims and defenses raised in the PSC proceeding will turn on Kentucky state law, not federal bankruptcy law"; the RLECs themselves describe "related to" jurisdiction as "encompass[ing] actions that, while not arising under federal bankruptcy law, nevertheless affect the debtor's estate."[2] [*Id.*, p. 8 (citing *In re Dow Corning Corp.*, 86 F.3d at 489)] This leaves the RLECs' bare assertion that "[t]here is no relationship between the issues in this case and Halo's bankruptcy." [*Id.*, p. 9] However, the test for "related to" jurisdiction does not turn on the relationship between the issues raised in the instant matters and the bankruptcy case, but instead

---

[2] As discussed below, section 1334 expressly contemplates state-law actions that are related to bankruptcy cases. *See* 28 U.S.C. § 1334(c)(2) (mandating that district courts abstain from hearing any proceeding "based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11").

whether the outcome here "'could conceivably have any effect on the estate being administered in bankruptcy.'" *In re Dow Corning Corp.*, 86 F.3d at 489 (quoting *Pacor*, 743 F.2d at 994). The KPSC proceedings are related to Halo's bankruptcy case because the outcome of the proceedings could affect the bankruptcy estate by altering Halo's liabilities. *See id.*; *BellSouth*, 2012 Bankr. LEXIS 867, at *7 ("Because it involves a third party seeking damages from the debtor, the [North Carolina Utilities Commission] Proceeding sounds in claim determination and thus is at least 'related to' Halo's bankruptcy case."). Therefore, the Court has jurisdiction under section 1334(b), and the actions are removable. *See* 28 U.S.C. § 1452(a).

### C. Mandatory Abstention and Equitable Remand

Having determined that the instant actions were not improperly removed, the Court must decide whether they should nevertheless be remanded. Two statutory provisions come into play: section 1334(c)(2) and section 1452(b). The latter allows remand "on any equitable ground." 28 U.S.C. § 1452(b). Meanwhile, section 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). Thus, abstention is required under § 1334(c)(2) if five elements are met: "[the] proceeding must: (1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in a state forum of appropriate

jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding."[3] *In re Dow Corning Corp.*, 86 F.3d at 497. The mandatory-abstention provision applies to cases removed under § 1452(a). *Robinson*, 918 F.2d at 584 n.3; *see also XL Sports, Ltd. v. Lawler*, 49 F. App'x 13, 20 n.6 (6th Cir. 2002) (reaffirming rule stated in *Robinson*).

Halo asserts that the instant matters are not "based on a state law claim or cause of action." *In re Dow Corning Corp.*, 86 F.3d at 497. It further maintains that it "removed the PSC Proceeding because the PSC Proceeding involves federal questions under the [Federal Communications Act], which the Kentucky PSC does not have jurisdiction to hear or adjudicate." [Case No. 3: 11-cv-0059, Record No. 10, p. 9; *see* Case No. 3: 11-cv-0058, Record No. 16, p. 9] In its Notices of Removal, Halo characterized the claims in the KPSC proceedings as

> fall[ing] within: (a) the FCC's exclusive original jurisdiction over market entry (licensing) of radio based services, (b) the FCC's exclusive original jurisdiction and power to prescribe rules relating to the process for and rules governing "interconnection" between radio service providers and local exchange carriers, (c) the FCC's exclusive original jurisdiction over market entry to provide interstate communications services by wire and/or radio, and/or (d) the FCC's exclusive original jurisdiction to prescribe "compensation" terms governed by 47 U.S.C. §§ 201 and 251(b)(5) . . . and 47 U.S.C. § 251(g).

---

[3] In addition, the statute requires that a party file a timely motion. *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 584 (6th Cir. 1990) ("Mandatory abstention under section 1334(c)(2) is not jurisdictional and must be raised in a timely motion."). That requirement is satisfied here, as both the RLECs and AT&T Kentucky raised the issue of mandatory abstention in their motions to remand. *Cf. id.* (finding § 1334(c)(2) motion requirement met by motion to remand).

[Case No. 3: 11-cv-0058, Record No. 1, p. 3; Case No. 3: 11-cv-0059, Record No. 1, p. 2 ¶ 3] According to Halo, "[t]he FCC is the Congressionally-mandated 'first decider' for these issues."[4] [Case No. 3: 11-cv-0058, Record No. 1, p. 3; Case No. 3: 11-cv-0059, Record No. 1, p. 2 ¶ 3] In support, however, Halo cites only a case involving federal regulation of greenhouse gases under the Clean Air Act. [*See* Case No. 3: 11-cv-0058, Record No. 1, p. 3 (citing *Am. Elec. Power Co. v. Connecticut*, 131 S. Ct. 2527, 2539 (2011) ("Indeed, this prescribed order of decisionmaking — the first decider under the Act is the expert administrative agency, the second, federal judges — is yet another reason to resist setting emissions standards by judicial decree under federal tort law.")); *see also* Case No. 3: 11-cv-0059, Record No. 1, p. 2 ¶ 3 (same)]

Nor do the underlying complaints provide any basis for Halo's contention that the KPSC proceedings raise "exclusively federal issues" that are beyond the commission's jurisdiction. [Case No. 3: 11-cv-0058, Record No. 16, p. 9; Case No. 3: 11-cv-0058, Record No. 10, p. 10] To the contrary, each of the complaints asserts claims under Kentucky law. [*See* Case No. 3: 11-cv-0058, Record No. 1-1, pp. 12-13 ¶¶ 4-8; Case No. 3: 11-cv-0059, Record No. 1-1, p. 5]   In any event, as AT&T Kentucky points out, the FCC has already spoken on several of the issues raised in the KPSC proceedings, disagreeing with Halo's position. [*See* Case No. 3: 11-cv-0058, Record No. 31-6, pp. 8-9; Case No. 3: 11-cv-0059, Record No. 20-6, pp. 8-9]

Furthermore, the actions were "commenced . . . in a [s]tate forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2); *cf. XL Sports*, 49 F. App'x at 20 & n.6 (commenced-in-

---

[4] Halo makes the same claim with respect to seven specific "FCC-exclusive issues" it believes are raised by the underlying complaints, again citing only *American Electric* as authority. [*See, e.g.*, Case No. 3: 11-cv-0058, Record No. 17, p. 4 n.3]

state-forum requirement met where action was originally filed in state court and removed to federal district court). Halo's insistence that the KPSC lacks jurisdiction over the RLECs' and AT&T Kentucky's complaints is without merit. The complaints call for interpretation of ICAs, which is within the jurisdiction granted to state commissions under the Telecommunications Act. *See* 47 U.S.C. § 252(e)(1); *BellSouth*, 2011 U.S. Dist. LEXIS 126542, at *5-6 (under the Telecommunications Act, "[s]tate commissions . . . have authority to approve and disapprove interconnection agreements, such as the one at issue herein"). Pursuant to KRS § 278.040(2), the KPSC has "exclusive jurisdiction over the regulation of rates and service of utilities" in Kentucky, while section 278.060(1) provides that the commission has "original jurisdiction over complaints as to rates or service of any utility." The KPSC proceedings are also "capable of timely adjudication," as counsel for the Commission indicated at oral argument that they would be expedited upon remand. *In re Dow Corning Corp.*, 86 F.3d at 497.

In addition, although the Court has jurisdiction under section 1334(b), it lacks any jurisdictional ground outside of the relationship to Halo's bankruptcy. Pursuant to the Telecommunications Act, federal district courts are authorized to review decisions of state utility commissions. *See* 47 U.S.C. § 252(e)(6) ("In any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements of section 251 and this section."). Where there is no commission decision to review, however, there is no jurisdiction. *See BellSouth*, 2011 U.S. Dist. LEXIS 126542, at *10

("The [Telecommunications] Act provides for judicial review of a 'determination' by the state commission. Until such determination is made, the Court cannot exercise this judicial review.").

Finally, despite Halo's claim to the contrary, the instant matters are non-core proceedings. [*See* Case No. 3: 11-cv-0058, Record No. 1, p. 5 ¶ 13 ("This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O)."); Case No. 3: 11-cv-0059, Record No. 1, p. 4 ¶ 12 (same)] A core proceeding "must involve a claim that is directly created by bankruptcy law or that by nature could not exist outside the bankruptcy context." *XL Sports*, 49 F. App'x at 19. By the same token, "if the proceeding does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of the bankruptcy, then it is not a core proceeding." *Mich. Emp't Sec. Comm'n v. Wolverine Radio Co.* (*In re Wolverine Radio Co.*), 930 F.2d 1132, 1144 (6th Cir. 1991). Clearly, the claims at issue here, whether they arise under Kentucky law or, as Halo claims, under the Federal Communications Act, are not created by bankruptcy law. *See XL Sports*, 49 F. App'x at 19. Furthermore, they could — and did — exist independently of Halo's bankruptcy case. *See id.* The last of the mandatory-abstention elements, therefore, is met. *See* 28 U.S.C. § 1334(c)(2); *In re Dow Corning Corp.*, 86 F.3d at 497. And because the Court is required to abstain from hearing these matters, equitable remand under section 1452(b) is appropriate. *See Parrett v. Bank One* (*In re Nat'l Century Fin. Enters.*), 323 F. Supp. 2d 861, 878 (S.D. Ohio 2004) ("One equitable ground on which a court may order remand [pursuant to § 1452(b)] is a finding that mandatory abstention is required.").

### III.    CONCLUSION

Although the KPSC proceedings were removable under section 1452(a), the Court is required to abstain from hearing the parties' claims. Accordingly, it is hereby

**ORDERED** as follows:

(1) The Motions to Remand filed by Ballard Rural Telephone Cooperative Corporation, Inc.; Brandenburg Telephone Company; Duo County Telephone Cooperative Corporation, Inc.; Foothills Rural Telephone Cooperative, Inc.; Gearheart Communications Co., Inc.; Highland Telephone Cooperative, Inc.; Logan Telephone Cooperative, Inc.; Mountain Rural Telephone Cooperative Corporation, Inc.; North Central Telephone Cooperative Corporation; Peoples Rural Telephone Cooperative, Inc.; South Central Rural Telephone Cooperative Corporation, Inc.; Thacker-Grigsby Telephone Company, Inc.; and West Kentucky Rural Telephone Cooperative Corporation, Inc. [Case No. 3: 11-cv-0058, Record No. 6]; BellSouth Telecommunications, LLC, d/b/a AT&T Kentucky [Case No. 3: 11-cv-0058, Record No. 19; Case No. 3: 11-cv-0059, Record No. 11]; and David L. Armstrong, James W. Gardner, Charles R. Borders, and the Kentucky Public Service Commission [Case No. 3: 11-cv-0058, Record No. 25; Case No. 3: 11-cv-0059, Record No. 16] are **GRANTED**.

(2) The Motions to Transfer filed by Halo Wireless, Inc. [Case No. 3: 11-cv-0058, Record No. 5; Case No. 3: 11-cv-0059, Record No. 4] are **DENIED** as moot.

(3) These matters are **REMANDED** to the Kentucky Public Service Commission and **STRICKEN** from the Court's docket.

This 9th day of April, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge